ALDERMAN AND TOWN COUNCIL, ETC., OF HELENA VS. BISCOE ET AL.

The constitutional provision for the election of township constables by the qualified voters (*sec.* 16, *Art.* 6), did not operate as a repeal of the mode of appointing the town constable of Helena, as provided by the charter granted by the Territorial Legislature

In a suit upon a collector and town constable's bond, conditioned to pay over all moneys by him collected, according to the order of the town council; and at the expiration of his term of office to deliver to his successor all moneys, etc.; the breach in the declaration, was, that on a specified day, a certain amount of money collected by the constable in the execution of his office, was in arrears, and unpaid, and is still in arrears, and unpaid. *Held,* That the declaration was clearly bad.

*Error to Phillips Circuit Court.*

HON. WILLIAM E. BUTTS, Special Circuit Judge.

CUMMINS, for the plaintiff.

FOWLER & STILLWELL for the defendants.

Mr. Justice SCOTT delivered the opinion of the Court.

This was an action of debt upon a town constable and collector's bond. The condition of the bond, as set out in the declaration, was that, " whereas, the above bound John M. Fadley, has been duly elected by the said alderman and town council, constable and collector of said town council for the year 1851: Now, if the said John M. Fadley shall well and truly discharge the duties of said office, as prescribed by the laws and ordinances of said town, and shall well and truly execute all process to him directed, and shall pay over all money by him collected, according to the order of said town

27

council; and, at the expiration of his term of office, shall deliver over to his successor in office, duly authorized to receive the same, all moneys, books and papers pertaining to his said office, and belonging to the corporation of the town of Helena, then this obligation to be void," etc.

The breach assigned was in the following words, that is to say: "That on the first day of February, 1852, the sum of one hundred and thirty-six 74-100 dollars, collected by the said defendant, John M. Fadley, in the execution of his said office as collector as aforesaid, was in arrears and unpaid, and is still in arrear and unpaid, whereby," etc.

There was a demurrer to the declaration, assigning for cause, two classes of objections, *to-wit:* The first questions the power and authority of the corporation to create the officer in question, and denies the legal capacity of that body to contract with him, in a bond on his part, for the faithful performance of the duties he undertakes to perform. The second class, questions the sufficiency of the breach assigned in the declaration.

The first class of objections amount to nothing at all, unless they go to the full extent of making the bond an absolute nullity, because so long as the bond exists with binding legal force, whether as a statutory or common law bond, the obligors must abide by its recitals, and can call in question its consideration only by sworn plea. It is the bond of a natural person, and not that of a body corporate; the latter is the obligee, invested by law with all the ordinary powers and incidents of a body politic.

The charter was granted by the Territorial Legislature, in the year 1833 (*Acts of that year, p.* 74). It passed by means of the schedule annexed to the constitution, along with other laws, into the State government. It was afterwards recognized, in express terms, by the State Legislature, by the act of the 7th November, 1836, in an act by which the charter was amended (*Pamph. Acts of that year, p.* 191).

But it is insisted that the constitutional provision for the election of township constables by the qualified voters of the

township, operated as a repeal of the mode of appointing the constable of Helena, provided by the charter. We do not think so. In the same section which made this provision (*sec.* 16, *Art.* 6, *p.* 64), it was further provided that " incorporated towns may have a separate constable and a separate magistracy;" but there was no further provision as to how they were to be appointed, leaving that to legislative discretion, according to the well settled rules for construing a State constitution. And the Legislature of 1837 must have so understood it; because, by the general statute of that year for the incorporation of towns, it was, among other things, provided that the constable, assessor, collector, and other officers of such incorporated towns, were to be appointed in the same mode as that provided in the Helena charter. (See *Dig.*, *chap.* 162, *sec.* 13.)

To suppose that the alderman and town council of Helena could appoint the officer in question and prescribes his duties, as we think they clearly had the right to do under the charter, and could not contract with him in bond and security on his part, for the faithful performance of those duties, would be to deny to that body politic the ordinary means of executing such powers—means that, according to all sound rules of construction, must be considered as included in the grant of the powers themselves.

We think, therefore, there is nothing in this ground of demurrer.

The other class of objections, however, was well taken. The breach was clearly insufficient.

Of course the declaration is to be taken most strongly against the pleader. But even if this rule were reversed, and applied to this declaration, it will be impossible to find a case made against the defendants; because there is nothing that bears the semblance of an allegation that there had ever been an order of the town council to the effect that Fadley should pay over the money collected by him in the execution of his office. And although, from the facts alleged, it should be inferred, although it is not alleged so, that the term of his office had expired, there

is no allegation that there had been appointed any successor in his office, who had been duly authorized to receive from him the moneys in his hands pertaining to his office, to whom in that case he had covenanted to deliver them.

Hence, the declaration was clearly bad, and the judgment must be affirmed.